IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REGINA RATOMA BERTRAND FAZEN,**

    Plaintiff,

v.  //  CIVIL ACTION NO. 1:18CV64
                  (Judge Keeley)

**NANCY BERRYHILL, Acting Commissioner of Social Security,**

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE WITH PREJUDICE**

On March 26, 2018, the plaintiff, Regina Ratoma Bertrand Fazen ("Fazen"), filed a complaint seeking review of the adverse decision of the defendant, Nancy Berryhill, Acting Commissioner of Social Security ("the Commissioner") (Dkt. No. 1). On December 20, 2018, the Honorable Michael J. Aloi, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner's decision (Dkt. No. 18). Pending before the Court are Fazen's timely objections to the Magistrate Judge's recommendations (Dkt. No. 19).

For the reasons that follow, the Court **OVERRULES** Fazen's objections (Dkt. No. 19) and **ADOPTS** the R&R (Dkt. No. 18). Accordingly, it **DENIES** Fazen's motion for summary judgment (Dkt.

**FAZEN V. BERRYHILL**  1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE WITH PREJUDICE**

No. 13), **GRANTS** the Commissioner's motion for summary judgment (Dkt. No. 17), **AFFIRMS** the Commissioner's decision, and **DISMISSES** this case **WITH PREJUDICE**.

### I. BACKGROUND

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As part of its review of the R&R, the Court incorporates by reference Magistrate Judge Aloi's thorough recitation of the facts surrounding Fazen's disability insurance benefits ("DIB") and supplemental security income ("SSI") claims, as well as his articulation of the Commissioner's five-step evaluation process (Dkt. No. 18 at 2-32). Because Fazen's arguments on appeal relate only to her alleged mental impairments, the Court focuses its discussion on that issue.

**A.    Factual**

The record reflects that Fazen began seeing psychiatrist Alfredo Aguirre, M.D. ("Dr. Aguirre") no later than December 2011, at which time she reported feelings of anxiety, anger, frustration, and moodiness, a personal history of anxiety, depression and migraine headaches, and a family history of bipolar disorder (Dkt. No. 9-9 at 41). On December 7, 2011, Dr. Aguirre diagnosed Fazen

**FAZEN V. BERRYHILL**                                              **1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE WITH PREJUDICE**

with major depression, anxiety disorder, and panic disorder, and prescribed an antidepressant. Id. at 41. Dr. Aguirre continued to treat Fazen once every one to two months over the next several years, prescribing various mental health medications as she continued to report symptoms of anxiety and depression.

On August 2, 2012, Fazen, then 36 years old, filed a "protective" application for disability insurance benefits, alleging an onset date of June 1, 2012 (Dkt. No. 9-7 at 1-8). On March 25, 2014, Dr. Aguirre completed a Mental Impairment Questionnaire at the request of the state agency (Dkt. No. 9-10 at 30-39). Dr. Aguirre opined that Fazen had marked daily living restrictions; extreme social functioning difficulties; extreme concentration, persistence, or pace difficulties; and one or two extended episodes of decompensation within a 12-month period. Id. at 34. He also indicated, however, that Fazen was not limited in understanding and remembering short and simple instructions and was only moderately limited in remembering locations and work-like procedures. Id. at 36.

In terms of concentration and persistence, Dr. Aguirre opined that, with the exception of marked limitations in the abilities to

**FAZEN V. BERRYHILL** 1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE WITH PREJUDICE**

carry out detailed instructions and to sustain an ordinary routine without special supervision, Fazen was only moderately limited in other abilities in this category, including the following: carrying out simple instructions; maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance, and being punctual; working in coordination with or proximity to others without being distracted by them; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; and performing at a consistent pace without an unreasonable number and length of rest periods. Id. at 36-37.

Dr. Aguirre further opined that, while Fazen was markedly limited in adaptation (i.e., the ability to respond appropriately to changes in the work setting) and some social interaction abilities (e.g., the ability to accept instructions and respond appropriate to criticism from supervisors), there was no evidence that she was limited in her abilities to get along with coworkers or peers without distracting them or exhibiting behavioral

**FAZEN V. BERRYHILL**  1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE WITH PREJUDICE**

extremes, or to maintain socially appropriate behavior and to adhere to basic standards or neatness or cleanliness. Id. at 37-38.

**B.  Procedural**

The Commissioner denied Fazen's claims at both the initial and reconsideration levels (Dkt. No. 9-5 at 3-7, 12-18). Upon Fazen's request, Administrative Law Judge Karen B. Kostol ("ALJ") held a hearing on May 8, 2014 (Dkt. No. 9-3 at 2-25), following which she denied Fazen's claim (Dkt. No. 9-4 at 51-66). Fazen sought review from the Appeals Council, which remanded the case to the ALJ. Id. at 71-74.

Following a supplemental hearing on December 5, 2016 (Dkt. No. 9-2 at 50-81), the ALJ entered a second decision denying Fazen's claims on August 29, 2017. Id. at 21-46. On January 26, 2018, the Appeals Council denied Fazen's request for review, id. at 2-4, which made the ALJ's second decision the final decision of the Commissioner. Thereafter, on March 26, 2018, Fazen filed suit in this Court, seeking reversal of the Commissioner's final decision (Dkt. No. 1). The Commissioner answered the complaint and filed the administrative record on May 31, 2018 (Dkt. Nos. 8, 9).

**FAZEN V. BERRYHILL                                                  1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

---

In her motion for summary judgment, Fazen argued that the Commissioner committed reversible error by failing to comply with 20 C.F.R. § 416.927 when she assigned "less weight" to the medical opinion of Fazen's treating physician, Dr. Aguirre, which rendered the decision contrary to the law and unsupported by substantial evidence (Dkt. Nos. 13 at 1; 13-1 at 9-13). She requests that the Court remand the case to the Commissioner "for a correction of the errors" (Dkt. No. 13-1 at 13).

In the R&R, Magistrate Judge Aloi rejected each of Fazen's contentions (Dkt. No. 18). Following a careful review of the record, id. at 3-31, he concluded that the ALJ had applied the proper standards of law, and that her decision to deny benefits was supported by substantial evidence. Id. at 35-43. Specifically, he found substantial evidence to support the ALJ's decision to afford less weight to Dr. Aguirre's medical opinion, and also found that the ALJ had sufficiently explained her decision so as to permit meaningful review. Id. at 40-43.

Fazen filed timely objections to the R&R, in which she argues that Magistrate Judge Aloi "fail[ed] to perform a full judicial review of the issues and evidence" prior to concluding that the

**FAZEN V. BERRYHILL** 1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

ALJ's evaluation of Dr. Aguirre's opinion was proper (Dkt. No. 18 at 2-7). In response, the Commissioner argues that substantial evidence supports the ALJ's decision to discount Dr. Aguirre's opinion, and that the ALJ's explanation was "more than sufficient" to allow this Court to conduct meaningful review (Dkt. No. 19 at 1-4).

## II. STANDARDS OF REVIEW

### A. The Magistrate Judge's R&R

Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court must review de novo any portion of the magistrate judge's recommendation to which objection is timely made. The Court, however, will uphold those portions of the R&R to which no objection is made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Fazen filed objections to the R&R (Dkt. No. 19), the Court will review de novo all those portions of the R&R to which she has objected.

### B. The ALJ's Decision

Importantly, the question presented is not whether Fazen is disabled. See Mayer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).

7

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

Judicial review of a final decision regarding disability benefits is limited to determining whether the ALJ's findings are supported by substantial evidence, and whether the ALJ correctly applied the law. See 42 U.S.C. § 405(g); Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Accordingly, the Court must not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). It is the duty of the ALJ, not the Court, to make findings of fact and resolve disputed evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).

Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v.Perales, 402 U.S. 389, 401 (1971)). The "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1996)). Rather, "[w]hen conflicting evidence could lead reasonable

**FAZEN V. BERRYHILL**                                              **1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

minds to differ regarding whether a claimant is disabled, [the Court] defer[s] to the ALJ's disability determination." Sharp v. Colvin, 660 F. App'x 251, 256 (4th Cir. 2016) (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2011)).

### III. DISCUSSION

In her objections, Fazen argues that the ALJ committed reversible error by according little weight to the medical opinion of her treating physician, Dr. Aguirre, and contends that Magistrate Judge Aloi erred by finding that the ALJ's explanation provides a sufficient basis on which to uphold the decision (Dkt. No. 19 at 2-7).

**A. Applicable Law**

An ALJ must accord controlling weight to a treating physician's medical opinion regarding a claimant's ability to work, if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see 20 C.F.R. § 404.1527(a)(2). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical

9

**FAZEN V. BERRYHILL**                                      **1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see generally 20 C.F.R. § 404.1527(c) (describing how medical opinions are to be weighed in determining entitlement to disability benefits). Ultimately, the ALJ is not bound by a treating physician's opinion that a claimant is disabled or unable to work, because that determination is reserved for the ALJ. See 20 C.F.R. § 404.1527(d)(1).

Notably, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Monroe v. Colvin, 826 F.3d 176, 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). Where, as here, an ALJ denies a claimant's application, the ALJ must state "specific reasons for the weight given to the treating source's medical opinion," to enable reviewing bodies to identify clearly the reasons for the ALJ's decision. Sharp, 660 F. App'x at 257 (citing Social Security Ruling (SSR) 96-2p, 61 Fed. Reg. 34,490, 34,492 (July 2, 1996)).

**FAZEN V. BERRYHILL**                                              **1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

**B.   Analysis**

Magistrate Judge Aloi determined the ALJ did not summarily conclude that Dr. Aguirre's opinion merited little weight. Cf. Monroe v. Colvin, 826 F.3d 176, 190–91 (4th Cir. 2016) (holding ALJ's statement that "the objective evidence or the claimant's treatment history did not support the consultative examiner's findings" precluded meaningful review); Reynolds v. Berryhill, No. 1:16CV29, 2017 WL 1128602, at *4 (N.D.W. Va. Mar. 24, 2017) (holding that the ALJ "provided only a cursory discussion of [the treating physician]'s opinion before dismissing it"). Rather, in explaining why she discredited Dr. Aguirre's opinions, the ALJ stated that "Dr. Aguirre's own treatment notes, the claimant's conservative treatment, refusal of additional medications, and . . . noted improvement with continued treatment do not support them" (Dkt. No. 9-2 at 37).

"While the ALJ did not cite specific pages in the record, h[er] explanation relied on and identified . . . particular categor[ies] of evidence." Sharp, 660 Fed App'x at 257 (citing 20 C.F.R. § 404.1527(c)(2)). Further, the ALJ provided an "narrative

11

**FAZEN V. BERRYHILL**  1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

discussion" as part of her explanation for the weight she gave to Dr. Aguirre's opinion. See Dkt. No. 9-2 at 37.

The record contains substantial evidence supporting the ALJ's conclusion that Dr. Aguirre's opinion did not merit controlling weight. Foremost, Dr. Aguirre's treatment notes indicated conservative and effective treatment, see e.g., Dkt. No. 9-10 at 43-44 (noting that Fazen had improved on Prozac and denied feelings of hopelessness, helplessness, suicidal ideation, and psychotic symptoms), 56-57 (noting that Fazen's condition was stable on medication). As observed by the ALJ, Fazen testified that her prescribed medications helped except when she occasionally needed marijuana to help calm down (Dkt. No. 9-2 at 64, 79-80). And, according to Dr. Aguirre's notes, Fazen consistently refused to participate in additional treatment, including therapy, which the ALJ found to be inconsistent with an individual who is not satisfied with her functionality (Dkt. No. 9-2 at 37; see Dkt. No. 9-12 at 26).

Furthermore, as explained by the ALJ (Dkt. No. 9-2 at 36-37), Dr. Aguirre's treatment notes consistently indicated no findings of psychosis or hallucinations. See e.g., Dkt. Nos. 9-9 at 39 (finding

12

**FAZEN V. BERRYHILL**  1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

Fazen fully oriented with normal perceptions and thought content; no delusions, hallucinations, or suicidal/homicidal ideation; only mildly deficient insight and immediate memory; and normal recent and remote memory), 42 (finding Fazen alert and attentive with a cooperative attitude and no evidence of delusions, hallucinations, or cognitive impairment); 9-10 at 54-62 (finding no evidence of delusions, hallucinations, psychomotor retardation, cognitive impairment, or thought disorder); 9-11 at 10-11 (same), 31-32 (same); 9-12 at 26-30 (same)). In fact, Fazen admitted at her hearings before the ALJ that there was no current diagnosis or treatment for alleged dissociations or "multiple personalities" (Dkt. Nos. 9-2 at 68-69, 9-3 at 16-18).

The ALJ also was entitled to consider whether Dr. Aguirre's opinion was inconsistent with other material evidence, including the opinions of the state agency psychological consultants, Philip Comer, Ph.D. and Jeff Boggess, Ph.D. (Dkt. No. 9-2 at 38-39). Contrary to Dr. Aguirre's opinion, Drs. Comer and Boggess agreed that Fazen's medical records reflected mild daily living restrictions, moderate social functioning difficulties, and moderate concentration, persistence, or pace difficulties (Dkt. No.

**FAZEN V. BERRYHILL**                                              1:18CV64

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

9-4 at 30, 43). Also, contrary to Dr. Aguirre's opinion, in their residual functional capacity assessments, Drs. Comer and Boggess concluded that Fazen had the mental and emotional capacity for work activity in an environment with limited social interaction requirements. Id. at 34, 47. Drs. Comer and Boggess further concluded that Fazen had no understanding or memory limitations, and was no more than moderately limited in her ability to sustain concentration and persistence. Id. at 32-33, 46-47.

Based on this other evidence, the ALJ was "not obligated to adopt" Dr. Aguirre's opinion about Fazen's ability to work. Sharp, 660 Fed App'x at 257; see also 20 C.F.R. § 404.1527(d)(1). Moreover, the Court may not reweigh the evidence and must defer to the ALJ's determination when, as here, conflicting evidence might lead reasonable minds to disagree as to whether Fazen was disabled. See Hancock, 667 F.3d at 472; Johnson, 434 F.3d at 653.

For these reasons, the Court concludes that the stated, specific reasons for the weight given to Dr. Aguirre's medical opinion provide a sufficient basis on which to uphold the ALJ's decision. The Court agrees with Magistrate Judge Aloi's finding that substantial evidence exists to support the ALJ's decision to

**FAZEN V. BERRYHILL**                                                          **1:18CV64**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 13], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17], AND DISMISSING THE CASE**

afford less weight to Dr. Aguirre's opinion, and that the ALJ sufficiently explained her decision so as to permit this Court's meaningful review.

## IV. CONCLUSION

In conclusion, for the reasons discussed, the Court:

1) **ADOPTS** the R&R (Dkt. No. 18);

2) **OVERRULES** Fazen's objections (Dkt. No. 19);

3) **DENIES** Fazen's Motion for Summary Judgment (Dkt. No. 13);

4) **GRANTS** the Commissioner's Motion for Summary Judgment (Dkt. No. 17); and

5) **DISMISSES** this civil action **WITH PREJUDICE** and **DIRECTS** that it be stricken from the Court's active docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record.

Dated: February 27, 2019

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE